# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DONALD L. LENNOX,          )
                           )
      Plaintiff,     )
vs.                        )      NO. CIV-15-0073-HE
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of the Social )
Security Administration,   )
                           )
      Defendant.     )

## ORDER

Plaintiff Donald L. Lennox ("Lennox") filed this action appealing the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income benefits. The case was referred to Magistrate Judge Gary M. Purcell under 28 U.S.C. § 636(b)(1)(B), and he has recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings [Doc. #18]. The Commissioner has filed an objection to the Report and Recommendation [Doc. #19].

Having conducted *de novo* review,[1] the court concludes the Commissioner's decision should be reversed and remanded, though on a different basis than that set out in the Report and Recommendation (the "R&R" hereafter).

---

[1] *The general standards applicable to the court's review are set out in the Report and Recommendation and will not be repeated here.*

Background

Lennox applied for supplemental security income benefits on June 9, 2010, alleging he suffered a learning disability, back pain, a skin rash, and depression. His application was denied on initial consideration and reconsideration. Lennox then requested a hearing by an administrative law judge ("ALJ"). A hearing was held and, by that time, Lennox was represented by counsel. Counsel argued at the hearing that Lennox qualified as disabled because he met or exceeded the standards of Listing 12.05D for mental retardation (now referenced as "intellectual disability" in the regulations).[2] The ALJ issued an unfavorable decision on August 20, 2013, focusing principally on the 12.05D standards. The ALJ concluded that Lennox did not meet the standards of 12.05D, that he was capable of performing work as a ground maintenance worker, a janitor, or a dishwasher, that he was therefore not disabled under the Social Security Act, and that he was not entitled to benefits. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

Discussion

The posture of this case is somewhat out of the ordinary. In his appeal to this court, Lennox appears to shift to a different basis for his disability determination than that which he urged before the ALJ. Here, he says his intellectual disability met or exceeded the

___

[2]*See counsel's statement at page 69 of the record on appeal ("ROA" hereafter): "As you know, this claim is essentially not on physical, but it's on mental, the mental claim, and I guess, as you know, we're respectably [sic] submitting to the court that the claimant meets or exceeds the listing on 12.05D or in the alternative under the grid rules of 203.01 and grid 203.02."*

2

standards for impairment under Listing 12.05, but relies on 12.05C rather than 12.05D. The Commissioner doesn't exactly object to that shift and, to some degree, all parties and the R&R largely migrate to a discussion of 12.05C ("Part C"). Indeed, as the R&R accurately states, "Plaintiff does not dispute the ALJ's findings with respect to parts A, B, or D." [Doc. #18 at 8.] Then, notwithstanding that lack of dispute, the R&R goes through a relatively detailed analysis of 12.05D ("Part D") and concludes there is no evidence, or at least no substantial evidence, to support the ALJ's conclusions as to Part D. The R&R also addressed an additional issue not raised by the plaintiff, concluding that the ALJ had erred by not considering, in connection with his determination of plaintiff's residual functional capacity for step 5 purposes, the fact that by the time of the hearing the plaintiff was 50 years of age and therefore "approaching advanced age" within the meaning of the regulations. *See* 20 C.F.R. § 220.128(c). As the plaintiff has not objected to either the Commissioner's determination as to Part D or the mechanics of the residual functional capacity determination, the court declines to reverse the decision on those grounds.[3] It is not this court's job to raise and construct plaintiff's arguments for him.

With respect to whether the plaintiff is disabled under Part C,[4] the court concludes

---

[3]The court is less confident than the magistrate judge that there was no evidence to support the ALJ's Part D determination, but it is unnecessary to resolve the question here in light of the court's disposition of this appeal on other grounds.

[4]Listing 12.05C requires, in addition to the "early onset" requirement which is not disputed here, a showing that the claimant had "A valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . ."

3

resolution of that question requires that the decision be reversed and the case remanded for further proceedings. Under the Social Security Act, an ALJ is required to discuss the evidence and explain why he or she found the plaintiff not to be disabled. 42 U.S.C. § 405(b)(1); *see also* Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). That does not require a discussion of every piece of evidence, but it does require some discussion of significant probative and uncontroverted evidence that the ALJ declined to rely on. Clifton, 79 F.3d at 1010. Here, the opinions of Dr. Poyner addressing her additional diagnoses of plaintiff's condition are that type of evidence, but the ALJ's opinion is silent as to why he rejected them, discounted them, or otherwise declined to give them some effect in making his determination. Further, the ALJ's largely conclusory discussion of Part C leaves this court unclear as to exactly what the basis for his conclusion as to that part was. The order states, "In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (ROA at 23). The subsequent discussion leaves the court unclear as to whether this language means the ALJ thought the IQ requirement not to have been met,[5] or the necessary limitations of function to be lacking, or both. In these circumstances, where the basis and reasoning for the decision is unclear, it is virtually impossible to conduct a

---

[5]*There is evidence in the record, mentioned in the decision, suggesting that plaintiff's IQ determination may have been affected by alcohol use, but the decision stops short of any explicit determination that the plaintiff's full scale IQ of 63 was invalid.*

4

meaningful review of the sufficiency of the evidence to support the Commissioner's determination.

For these reasons, the court adopts the ultimate conclusion of the Report and Recommendation, **REVERSES** the decision of the Commissioner, and **REMANDS** the case for further proceedings consistent with this opinion. In any further proceedings, the Commissioner should consider all 12.05 grounds then urged by plaintiff, as well as applicable guidelines based on his then-determined age.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE