# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONALD L. LENNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0073-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Donald L. Lennox filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits. On November 23, 2015, the court reversed and remanded the case for further administrative proceedings. Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which authorizes a prevailing party in certain actions against the United States to recover reasonable attorney's fees when the government's position is not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not object to the amount of the fee request, but claims that, because her position was substantially justified, plaintiff is not entitled to a fee award.

The government bears the burden of demonstrating that its position was substantially justified. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). The term "position" refers both to the government's stance in the underlying agency action and during subsequent

litigation. *Id.*; 28 U.S.C. §2412(d)(2)(D). Substantial justification requires only that the government's position be reasonable in law and fact—even if its efforts are not ultimately successful. Madron v. Astrue, 646 F.3d 1255, 1257–58 (10th Cir. 2011).

The court concludes that defendant's position, considered "as an inclusive whole," was reasonable in law and fact. *See* Madrid v. Astrue, 243 Fed. Appx. 387, 392 (10th Cir. 2007) (unpublished).[1] In the court's remand order, it determined that the administrative law judge (ALJ) did not include sufficient explanation of his evaluation of certain evidence, including diagnoses of additional mental impairments. Doc. No. 20. The court also found lacking the ALJ's specific grounds for rejection of disabled status. *Id.* However, the government's position was not necessarily unreasonable, considered in concert with the legal and factual findings the ALJ did include. *See* Madrid, 243 Fed. Appx. at 391–92 (holding the Commissioner's position to be substantially justified despite the ALJ's failure to develop the record, which was legal error). On review of the record in this case, including plaintiff's inconsistent positions throughout the proceedings, the government's position was substantially justified.[2]

Accordingly, plaintiff's motion for award of attorney's fees [Doc. No. 22] is **DENIED**.

---

[1] *Madrid is cited for persuasive value only under 10th Cir. R. 32.1.*

[2] *Defendant argues, in the alternative, that plaintiff's motion for fees and costs is premature. However, in light of the court's determination of substantial justification, defendant's alternative argument need not be addressed.*

2

**IT IS SO ORDERED**.

Dated this 11th day of January, 2016.

                                                       JOE HEATON
                                                     CHIEF U.S. DISTRICT JUDGE